### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| LUCHA EL POR LIBERTAD,<br>    Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br>MASSACHUSETTS STATE POLICE-<br>MEDFORD, RYAN CASEY, and EMILY K.<br>KARSTETTER,<br>    Defendants. | Civil Action No.<br>1:21-cv-03888-SDG |

### OPINION AND ORDER

This matter is before the Court on a frivolity review of *pro se* Plaintiff Lucha El Por Libertad's Complaint [ECF 3] pursuant to 28 U.S.C. § 1915(e)(2)(B). After careful review of Plaintiff's pleadings and for the following reasons, this case is **DISMISSED WITHOUT PREJUDICE**.

## I.    Background

Plaintiff's allegations are as follows. On July 3, 2021, Plaintiff was among eleven "Moorish American Nationals" who were traveling "in the private [sic] for a militia camping trip . . . while exercising their [S]econd [A]mendment rights"—that is, carrying firearms.[1] They stopped on the side of the road to refuel their cars

---

[1]    ECF 3-1, at 1.

with their own "emergency gas supply."[2] At that point, Massachusetts Trooper Ryan Casey stopped alongside them to ask if they needed roadside assistance.[3] Then, Trooper Casey asked Plaintiff and his group a series of questions, which were, in Plaintiff's view, "not [Trooper Casey's] responsibility [to ask] . . . in the first instance."[4] After a time, Trooper Casey stated, "*The only issue I see here is that none of you have a driver's license*."[5] It seems that Trooper Casey discovered the group's firearms shortly thereafter, and he called for backup.[6] When backup arrived, as Plaintiff puts it, the group "simply [bore] the arms in self-defense as [its members] stare[d] into the barrels of multiple loaded weapons pointed at [them] by state police . . . for approximately seven hours." A standoff appears to have ensued, implicating several officers, some of whom are named as defendants in this lawsuit.[7]

Plaintiff lists a slew of abuses and constitutional violations he purportedly suffered at the hands of the Massachusetts State Police. He also insists that

---

[2]   *Id.* at 2.

[3]   *Id.*

[4]   *Id.*

[5]   *Id.* (emphasis in original).

[6]   *Id.* at 3.

[7]   *Id.* at 3-4.

Defendant Judge Emily K. Karstetter and non-party Judge Peter F. Doyle conspired to manipulate the outcome of Plaintiff's criminal case in supposed violation of international law.[8] Plaintiff attempts to assert claims for defamation, "[d]iscrimination against [n]ational origin," "[d]eprivation of [r]ights under color-of-[l]aw," and "genocide." [9] He also cites various constitutional claims, including infringements of his "right to travel" and Second Amendment right to bear arms.[10] As a remedy, Plaintiff "demand[s] that [his] . . . 'charge(s)' . . . of possession of a firearm, possession of a large capacity firearm, conspiracy to improperly store firearms, conspiracy to commit a felony[,] etc. be dismissed" and that he be awarded $18,000,000.[11]

## II.   Legal Standard

An *in forma pauperis* complaint must be dismissed "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2)

---

[8]   *Id.* at 9.

[9]   ECF 3, at 4.

[10]   ECF 3-1, at 2.

[11]   *Id.* at 10, 12.

is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *superseded by statute on other grounds as recognized in Christiansen v. Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998); *see also Ahumed v. Fed. Nat'l Mortg. Ass'n*, No. 1:11-cv-2175-ODE-RGV, 2011 WL 13318915, at *2 (N.D. Ga. Dec. 13, 2011) ("[T]he purpose of the frivolity review is to filter non-paying litigants' lawsuits through a screening process functionally similar to the one created by the financial disincentives that help deter the filing of frivolous lawsuits by paying litigants.") (citing *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991)). In this instance, the first two prongs of § 1915(e)(2) are clearly implicated.[12]

A *sua sponte* dismissal by the Court is authorized under § 1915(e)(2) prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "Arguable

---

[12]    The Court notes without deciding that the third prong of § 1915(e)(2), concerning immunity of defendants, is likely also implicated as to some Defendants.

means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curium) (internal quotation marks omitted) (citations omitted). A complaint is frivolous when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). *See also Neitzke*, 490 U.S. at 327. The Court recognizes that Plaintiff is appearing *pro se*. Thus, it must construe the Complaint leniently, and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) (holding that "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

### III.   DISCUSSION

#### A.   Sovereign Citizen Claims

Plaintiff claims he is a "Moorish American National[ ]" and a "citizen[ ] of the free National Government of Morocco." He alleges that he has been defamed, in part, by Defendant Karstetter's and others' claims that he is a sovereign citizen.[13] "So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). Plaintiff's "filings here are replete with legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign[ ]citizen movement." *Sealey v. Branch Banking and Tr. Co.*, No. 2:17cv785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019); *see also Banks v. Fla.*, No. 2:19-cv-756-FtM-38NPM, 2019 WL 7546620, at *2 (M.D. Fla. Dec. 17, 2019) ("Though adorned with pseudo-legalese, the complaint in this action is simply nonsensical."). It is clear from his pleadings that Plaintiff meets these sovereign citizen criteria, however he refers to himself. *See Young v. PNC Bank, N.A.*, No. 3:16cv298/RV/EMT, 2018 WL 1251920, at n.1 (N.D. Fla. Mar. 12, 2018) (noting that plaintiff did not identify himself as a sovereign citizen but his attempt to

---

13   ECF 3-1, at 11.

proceed under a bizarre legal theory bore the hallmarks of a sovereign citizen theory).

Courts routinely, summarily, and firmly reject sovereign citizen legal theories as "frivolous." *United States v. Sterling*, 738 F.3d 228, 233 (11th Cir. 2013) (citing *United States v. Benabe*, 654 F.3d 753, 761 (7th Cir. 2011) ("[Sovereign citizen] theories should be rejected summarily, however they are presented.")). Dismissal of this action is appropriate and warranted based on its legal insufficiency and the frivolity inherent in all sovereign citizen legal theories—"[s]uch sovereign citizen claptrap has been rejected over and over." *Mells v. Loncon*, No. CV418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019), *report and recommendation adopted*, No. CV418-296, 2019 WL 1338411 (S.D. Ga. Mar. 25, 2019).

### B.    Personal Jurisdiction and Venue

In this case, Plaintiff asserts that he resides in California and Defendants all reside in (and are presumably citizens of) Massachusetts, the state in which each of Plaintiff's claims allegedly arose. The Complaint fails to allege any basis for this Court to exercise personal jurisdiction over Defendants, and fails to establish that venue is proper in this district.

As to personal jurisdiction, "[a] federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the

exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010) (citation omitted).

As an initial matter, "[t]he language of [Georgia's long-arm] statute is clear, unequivocal and unambiguous in mandating the exclusion of an action predicated on defamation." *Worthy v. Eller*, 265 Ga. App. 487, 488 (2004) (cleaned up) (citation omitted). Regarding Plaintiff's additional purported claims, the Georgia long-arm statute provides, in pertinent part, that a court may exercise jurisdiction over a nonresident defendant if he or she "[t]ransacts any business within the state," "[c]ommits a tortious act or omission within the state" excluding defamation, or "[c]ommits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business" in the state. O.C.G.A. §§ 9-10-91(1) to -(3). Plaintiff fails to allege that Defendants transacted business in Georgia or committed any of the alleged torts in Georgia. Indeed, Defendants are tied only to Massachusetts in the Complaint. Therefore, there is no basis for the Court to exercise personal jurisdiction over Defendants.

Even if Georgia's long-arm statute were satisfied, the Complaint provides no plausible basis to conclude that the Court's exercise of personal jurisdiction

would be consistent with constitutional due process concerns. *Diamond Crystal Brands Inc.*, 593 F.3d at 1257–58; *Sculptchair v. Century Arts, Ltd.*, 94 F.3d 623, 630 (11th Cir. 1996). The heart of the protection afforded by due process is fair warning "that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). A defendant has fair warning if he has "purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* at 472–73. Here, the Complaint contains nothing suggesting that Defendants purposefully directed any activity toward Georgia such that they might reasonably anticipate being haled into court here. For this additional reason, the Court cannot exercise personal jurisdiction over Defendants, and this case must be dismissed.

Further, even if Plaintiff's claims were not frivolous and this Court had personal jurisdiction over Defendants, Plaintiff has failed to establish that the Northern District of Georgia is the appropriate venue for this action. It is not. Under 28 U.S.C. § 1391(b), a federal civil action may be brought only in a district in which: (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought under (1) or (2), any judicial

district in which the defendants are subject to the court's personal jurisdiction with respect to the action. Personal jurisdiction is off the table as discussed. And Defendants reside in Massachusetts, where Plaintiff's claims occurred, not Georgia. So, Plaintiff has failed to establish that this district is the proper venue, further warranting dismissal.

## IV.    Conclusion

Although *pro se* plaintiffs should generally be permitted to replead when they may be able to correct the deficiencies in their pleadings, *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018), Plaintiff cannot create a connection to Georgia where none exists. Accordingly, Plaintiff's case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 18th day of April, 2022.

Steven D. Grimberg
United States District Court Judge